948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Fran Jo BURNHAM, Defendant-Appellant.
 No. 91-5253.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 23, 1991.
Decided Nov. 18, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Joseph C. Howard, District Judge. (CR-90-249-JH)
 Mark E. Herman, Baltimore, Md., for appellant.
 Richard D. Bennett, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Md., for appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Fran Jo Burnham appeals her convictions for unlawful opening of mail by a postal worker, in violation of 18 U.S.C. § 1703(a), and stealing an article from mail by a postal worker, in violation of 18 U.S.C. § 1709. Burnham claims in her appeal that the evidence was insufficient to convict for either of the two charged offenses, the district court erred by allowing testimony from a postal inspector that the letter-sorting machine (LSM) had not caused the damage to the mutilated mail, and the district court erred by admitting hearsay evidence that postal customers had complained about open mail. Because none of these arguments have merit, we affirm.
 
 
 2
 * In February 1990, the Postal Service received numerous complaints from customers in the Jerretsville-Baldwin service area about letters that had been opened before being received by the intended recipient. As a result, the Postal Service launched an investigation which traced the problem to a batch of mail which had been processed by a single crew on a particular LSM. Consequently, postal inspectors--who suspected no particular crew member--decided to conduct undercover surveillance of the crew on February 26, 1990.
 
 
 3
 A few minutes after positioning themselves in a concealed observation gallery approximately thirty feet away from Burnham's post on the LSM during the evening shift on February 26, 1990, two postal inspectors, Douglas Durst and Harry Barlow, saw Burnham unseal and open several letters. Durst and Barlow then decided to create some "test" letters--letters in conspicuous, brightly-colored envelopes which looked like they could contain money--to see if they could catch Burnham red-handed. After recording the serial numbers of the currency in the letters, Francis Stamm, the general supervisor at the post office, was instructed to place the test letters on the LSM where they would be processed by Burnham.
 
 
 4
 The inspectors saw Burnham, who was the only person to handle the letters after Stamm placed them on the LSM, rip open several test letters and suspiciously place her left hand into and out of her left apron pocket several times. They also saw her place four of the test letters in a separate bundle on a ledge in her work station. After Burnham left her work area to take a break, Barlow exited his observation post to retrieve the bundle of test letters. The four opened test letters all had torn flaps on the right side of the envelopes and were missing the currency contained within.
 
 
 5
 After a jury trial, Burnham was convicted of both charged counts and sentenced to three years probation, with thirty days to be spent in home confinement under electronic surveillance.
 
 II
 
 6
 Burnham's claim that the evidence was insufficient to support her convictions is without merit. When reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982). The government is entitled to the benefit of all reasonable inferences from the facts proven to those it seeks to establish. Id. Assessing the credibility of witnesses lies within the sole province of the factfinder and is not subject to appellate review. United States v. Saunders, 886 F.2d 56 (4th Cir.1989).
 
 
 7
 Here, the eyewitness testimony of Durst and Barlow, when combined with the fact that several of the test letters were discovered open at Burnham's work station with the enclosed currency missing--contained in a bundle which Burnham had inexplicably set aside--was clearly sufficient to convict Burnham of both charged offenses.
 
 
 8
 Burnham's second claim also lacks merit. Opinion testimony of a lay witness may be admitted if it is based on relevant historical or narrative facts which the witness has perceived. MCI Telecommunication Corp. v. Wanzer, 897 F.2d 703, 706 (4th Cir.1990). Opinion testimony is allowed if it is rationally based on perception and helpful to a clear understanding of the facts of the case. United States v. Fowler, 932 F.2d 306, 312 (4th Cir.1991). Here, the district court did not err by admitting Durst's statement that in his opinion the disputed mail was not damaged by the LSM. Durst had thirteen years of experience as an inspector, and had consulted with several employees before making that statement. In any event, Burnham had four of her coworkers contradict his statement by testifying that the LSM routinely mutilated mail.
 
 
 9
 Burnham's final claim also must be dismissed. Here, the district court acted well within its discretion by admitting as background information Durst's testimony informing the jury of the events which prompted the initial investigation and subsequent surveillance. Moreover, even if the admission of this evidence was error, its admission was harmless because the disputed evidence did not implicate Burnham and did not overcome the substantial evidence of guilt.
 
 III
 
 10
 In conclusion, we affirm Burnham's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.